UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **SAMELLA ANDERSON, ET AL.** | * | **CIVIL ACTION NO. 10-1538** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **INVACARE CORPORATION** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the court is a motion to dismiss for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6) [doc. # 7], filed by defendant Invacare Corporation. The district court referred the motion to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For reasons assigned below, it is recommended that the motion to dismiss be GRANTED.

## Background

On September 13, 2010, Samella Anderson and her son, Author Anderson, filed the instant "Petition for Damages" against Invacare Corporation ("Invacare") in the 4th Judicial District Court for the Parish of Ouachita, State of Louisiana. Plaintiffs contend that Invacare is responsible for damages that they sustained when state and city officials arbitrarily and unfairly accused them of wrongdoing in the aftermath of a September 13, 2009, fire at the Bond House Apartments in Bastrop, Louisiana, which caused the tragic death of an elderly tenant, Merrimac Ellis. *See* Petition. At the time of the fire, Samella Anderson was the manager of the Bond House Apartments. (Petition, ¶ 2).

Plaintiffs allege that faulty wiring in Ms. Ellis's powered wheelchair sparked the fire which led to Ms. Ellis's death. *Id*., ¶¶ 3, 5. Plaintiffs further allege that Invacare manufactured the Pronto Surestep M51 Model wheelchair used by Ms. Ellis. *Id*., ¶ 5. According to the petition, Invacare has experienced similar combustion defects with other powered wheelchair models that it manufactures. *Id*., ¶¶ 6-7. Plaintiffs contend that Invacare, as manufacturer of the defective wheelchair, is responsible for all damages resulting therefrom. *Id*., ¶ 9.

According to the petition, Plaintiffs' physical, mental, and pecuniary injuries stem from the resulting investigation by authorities into the cause of the accident. Plaintiffs contend that the actions of state and city fire officials were arbitrary, hostile, and unfair. (Petition, ¶ 11). The investigation culminated in the September 18, 2009, arrests of Samella Anderson for obstruction of justice and Author Anderson for obstruction of justice and aggravated assault. (Petition, ¶¶ 11, 18). As a result of the authorities' overzealous investigation, Samella Anderson incurred attorney's fees, bailbond costs, and expungement expenses. (Petition, ¶ 11). She also lost her job. *Id*.

Author Anderson alleges that he was "accosted by a state fire marshal who pulled a gun on him . . ." (Petition, ¶ 13). He attributes his inability to obtain a job to his September 18, 2009, arrest in this matter. *Id*., ¶¶ 19-21. Plaintiffs further allege that the media sensationalized their arrests and supposed roles in the fire and death of Ms. Ellis. *Id*., ¶¶ 24-26. Plaintiffs attribute to Invacare the alleged wrongs that they suffered at the hands of the authorities because Invacare's defective product was the cause of the precipitating event:  the fire. Plaintiffs seek to recover all of their compensatory, medical, and special damages, plus attorney's fees and costs. (Petition, ¶ 29).

On October 7, 2010, Invacare timely removed this matter to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332.[1]  On November 10, 2010, Invacare filed the instant motion to dismiss for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). The briefing deadline has since lapsed, but plaintiffs failed to respond. Accordingly, the motion is deemed unopposed. (Notice of Motion Setting [doc. # 7]). The matter is now before the court.

### **12(b)(6) Standard**

Federal Rule of Civil Procedure 12(b) permits dismissal where the claimant fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1966 (2007) (quoting 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216, 234)). In evaluating a motion to dismiss, "the District Court must take the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff. *Fernandez-Montes v. Allied Pilots Association*, 987 F.2d 278 (5th Cir. 1993) (citation omitted). The factual allegations need not be detailed, but they must be more than labels, conclusions, or a recitation of the elements of the claim. *Twombly, supra*. Moreover,

> the '[f]actual allegations must be enough to raise a right to relief above the

---

[1] The parties are completely diverse and it is facially apparent that the types of damages claimed by each plaintiff exceed $75,000. *See* Notice of Removal; Petition, ¶¶ 12, 28; and *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000).

>speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)' and the non-moving party must plead 'enough facts to state a claim to relief that is plausible on its face.' This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements.

*In re Southern Scrap Material Co., LLC*, 541 F.3d 584 (5th Cir. 2008) (internal citation omitted), *cert. denied by, Southern Scrap Material Co., L.L.C. v. U.S.*, ___ U.S. ___, 129 S.Ct. 1669 (2009).

Courts are compelled to dismiss claims based upon invalid legal theories even though they might otherwise be well-pleaded. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989). However, "[t]he notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision." *Gilbert v. Outback Steakhouse of Florida Inc.*, 295 Fed. Appx. 710, 713 (5th Cir. Oct. 10, 2008) (unpubl.) (citations and internal quotation marks omitted). When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted).

## Law and Analysis

Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427, 116 S.Ct. 2211(1996); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817 (1938). The parties in this matter implicitly agree that the disputed issues are governed by the substantive law of Louisiana.[2] *See In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 206 (5th Cir. 2007) (deferring to the parties' agreement that Louisiana substantive law controlled), *cert. denied sub nom. Xavier University of Louisiana v. Travelers Cas. Property Co. of America*, 552 U.S. 1182,

---

[2] Defendant's motion analyzes plaintiffs' claims pursuant to Louisiana law. Plaintiffs have not opposed defendant's motion.

128 S.Ct. 1230 (Feb 19, 2008); *Jefferson v. Lead Indus. Ass'n*, 106 F.3d 1245, 1250 (5th Cir. La. 1997) (applied Louisiana law where no party disputed that Louisiana law governed).[3]

Invacare's motion to dismiss involves two steps. First, the motion argues that plaintiffs' exclusive remedy against a manufacturer such as Invacare is limited to the Louisiana Products Liability Act ("LPLA"), Louisiana Revised Statute 9:2800.51, *et seq*. Next, the motion concludes that plaintiffs fail to state a claim against Invacare under the LPLA because the allegedly defective wheelchair was not a proximate cause of their damages.[4]

Under Louisiana law, the LPLA provides "the exclusive theories of liability for manufacturers for damage caused by their products. **A claimant may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability that is not set forth in [the LPLA].**" La. R. S. 9:2800.52 (emphasis added); *see also, Jefferson*, 106 F.3d at 1251. Thus, to the extent that plaintiffs attempted to assert a separate claim for negligence against Invacare, it is not viable as an independent theory of recovery outside of the LPLA framework. *Jefferson, supra*.

To hold a manufacturer liable under the LPLA, a plaintiff must establish: "damage proximately caused by a characteristic of the product that rendered its product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the

---

[3] In *Jefferson*, the Fifth Circuit's decision incorporated the underlying district court opinion, 930 F. Supp. 241 (E.D. La. May 31, 1996) (J. Vance)

[4] The first step in Invacare's motion – LPLA exclusivity – is largely superfluous, because proximate cause is a requisite component of a claim in negligence and under the LPLA. In other words, even if plaintiffs' negligence claim is not encompassed within the LPLA framework, it is precluded for the same reason that they fail to state a claim under the LPLA: lack of proximate cause. *See* discussion, *infra*.

claimant or another person or entity." La. R. S. 9:2800.54 A.  Stated differently, a cause of action under the LPLA requires proof:

    1.    that the defendant is a manufacturer of the product;

    2.    that the claimant's damage was proximately caused by a characteristic of the product;

    3.    that the characteristic made the product unreasonably dangerous in one of the four ways provided in the statute; and

    4.    that the claimant's damage arose from a reasonably anticipated use of the product by the claimant or someone else.

*Jefferson*, 106 F.3d at 1251.

Invacare contends that plaintiffs cannot satisfy the second element of their cause of action – proximate cause.  Proximate cause under the LPLA is analyzed using the same duty/risk considerations employed in an ordinary negligence action, i.e., whether the "risk, and harm caused, [was] within the scope of protection afforded by the duty breached."  *See Traina v. Nationsbank of Texas, N.A.*, 2001 WL 1041773 (E.D. La. Sept. 7, 2001) (citations omitted); *Mathieu v. Imperial Toy Corp.*, 646 So.2d 318, 321-322 (La. 1994).  "Regardless if stated in terms of proximate cause, legal cause, or duty, the scope of the duty inquiry is ultimately a question of policy as to whether the particular risk falls within the scope of the duty." *Roberts v. Benoit*, 605 So.2d 1032, 1044 (La.1991).

       The court initially observes that according to the allegations in the instant petition, "but for" Invacare's alleged defective wheelchair, the fire would not have occurred and plaintiffs would not have been wrongfully targeted in the resulting investigation into the cause of the fire. A "but for" analysis, however, is not the appropriate standard for assessing proximate cause. Rather, determination of legal or proximate cause is an issue of law that depends upon factual

determinations of foreseeability and ease of association. *Rando v. Anco Insulations Inc.*, 16 So.3d 1065, 1088 (La. 2009) (citation omitted). "The scope of protection inquiry asks whether the enunciated rule or principle of law extends to or is intended to protect this plaintiff from this type of harm arising in this manner." *Id*. (citation and internal quotation marks omitted). Absent ease of association between the duty breached and the damages sustained, legal fault/proximate cause is lacking. *Roberts, supra* (citations omitted).

Proximate cause truncates liability for a breach of duty at the point where "too much else has intervened-time, space, people, and bizarreness." *See Roberts*, 605 So.2d at 1058 (quoting David W. Robertson, REASON VERSUS RULE IN LOUISIANA TORT LAW: DIALOGUES ON HILL V. LUNDIN & ASSOCIATES, INC., 34 La.L.Rev. 1 (1973)). Although a party's substandard conduct may have started a chain reaction of cascading events, it does not render that party liable for all ensuing consequences until the end of time. *See Roberts*, 605 So.2d at 1052.

Applying these considerations here, it is manifest that Invacare's liability for defective wiring in its wheelchair does not extend to alleged overzealous prosecution by government officials investigating the cause of the fire. Such harm is not easily foreseeable, and does not follow as a natural consequence of a defective product. Rather, the actions of the state and local authorities acted as an intervening and independent cause of the damages asserted by plaintiffs in this case.[5] The harm sustained by plaintiffs herein is simply too attenuated and remote from Invacare's alleged wrongful conduct.

Although not raised by defendant, to the extent that the instant petition attempts to assert

---

[5] In fact, plaintiffs have filed a separate action in this court against the local and state officials to recover the same damages that they have asserted against Invacare. *See Anderson v. State of Louisiana, et al.*, Civil Action Number 10-1448 (W.D. La. 9/17/2010).

a claim to recover any mental anguish or emotional distress suffered by Samella Anderson as a result of the death of her friend, Ms. Ellis,[6] the court observes that Ms. Anderson neither alleged nor established that she is within the category of persons authorized to assert a claim for such relief. *See* La. Civ. Code Art. 2315.6.[7]

In sum, the facts alleged by plaintiffs fail to state a cognizable claim against defendant either in negligence or under the LPLA. Fed.R.Civ.P. 12(b)(6).

## Conclusion

For the reasons set forth above,

**IT IS RECOMMENDED** that the motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 7] filed by defendant Invacare Corporation be **GRANTED**, and that judgment be entered in favor of defendant and against plaintiffs, Samella and Author Anderson, **DISMISSING, with prejudice**, plaintiffs' claims in their entirety.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

---

[6] *See* Petition, ¶ 10.

[7] In her petition, Samella Anderson further notes that Ms. Ellis's survivors and other Bond House tenants filed a separate suit against her for negligence. (Petition, ¶ 11). The undersigned does not interpret this isolated reference to other pending litigation as an attempt to assert a claim for contribution or indemnity against Invacare in this suit. Accordingly, Ms. Anderson remains free to assert an appropriate pleading seeking such relief against Invacare in that matter, if warranted.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 6th day of December 2010.

*[signature]*
KAREN L. HAYES
U. S. MAGISTRATE JUDGE