UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **SAMELLA ANDERSON, ET AL.** | **CIVIL ACTION NO. 10-1538** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **INVACARE CORPORATION** | **MAG. JUDGE KAREN L. HAYES** |

**RULING**

Pending before the Court is Defendant Invacare Corporation's ("Invacare") "Motion to Dismiss Pursuant to Fed.R.Civ.Proc. 12(b)(6)." [Doc. No. 7].  Plaintiffs did not file a response.  For the following reasons, Invacare's motion is GRANTED, and Plaintiffs' claims are DISMISSED WITH PREJUDICE.

On December 6, 2010, the Magistrate Judge issued a Report and Recommendation recommending that Invacare's motion be granted and that the matter be dismissed with prejudice. [Doc. No. 11].  Although Plaintiffs were granted an extension of time to object to the Report and Recommendation [Doc. No. 14], Plaintiffs did not file objections.  The Court agrees with and ADOPTS the Report and Recommendation, but issues this Ruling to provide additional analysis.

Plaintiffs allege that various media outlets sensationalized stories about them, used misleading headlines, and that "[k]nown facts were intentionally left out of reports." [Doc. No. 1-1, p. 5-6, ¶¶ 23-27].  To the extent Plaintiffs claim that Invacare is liable for damages caused by the media, Plaintiffs' claim fails to state a claim upon which relief can be granted.

Plaintiffs' claim fails because Invacare's allegedly defective wheelchair did not proximately cause Plaintiffs' damages, an element required for liability under the Louisiana Products Liability

Act. LA. REV. STAT. § 9:2800.54 A.[1] Determination of legal or proximate cause is an issue of law that depends upon factual determinations of foreseeability and ease of association. *Rando v. Anco Insulations, Inc.*, 16 So.3d 1065, 1088 (La. 2009). "The scope of protection inquiry asks whether the enunciated rule or principle of law extends to or is intended to protect this plaintiff from this type of harm arising in this manner." *Id.* (citation and internal quotation marks omitted). Proximate cause truncates liability for a breach of duty at the point where "too much else has intervened—time, space, people, and bizarreness." *See Roberts v. Benoit*, 605 So.2d 1032, 1044 (La. 1991) (internal quotation marks and citation omitted).

Here, Invacare's liability for defective wiring in its wheelchair does not extend to sensationalized, inaccurate, or distorted media reports. These harms are not easily foreseeable and do not follow as a natural consequence of a defective product. Rather, the actions of the media were intervening and independent causes of the damages asserted by Plaintiffs in this case. The harm sustained by Plaintiffs is too attenuated and remote from Invacare's alleged wrongful conduct.

For the reasons stated above and in the Report and Recommendation, adopted herein, Invacare's "Motion to Dismiss Pursuant to Fed.R.Civ.Proc. 12(b)(6)" [Doc. No. 7] is GRANTED, and Plaintiffs' claims are DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 16th day of February, 2011.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[1] Although a part of Louisiana Revised Statute § 2800.54 has been preempted, § 2800.54 A was not affected. *See Green v. BDI Pharmaceuticals*, No. 35,291, pp. 10-12 (La. App. 2 Cir. 10/31/2001); 803 So.2d 68, 74-75 (preempting state labeling requirements).